Jones, J.
 

 The Court of Appeals found on the issues of fact in favor of the relator, Walther. The evidence was very brief. In order to understand the real contention between the parties, it may be well to refer briefly to the facts.
 

 The record discloses that the relator had complied with the law by filing with the common pleas chief justice the report required of him by statute. The following colloquy between the various judges of the appellate court and counsel for the parties occurred at the trial:
 

 Judge Vickery: “Is it admitted that a report was filed by Judge Walther?”
 

 (Mr. Parsons, for respondents, stated that if
 
 *171
 
 an averment that the report had been filed were made he would admit it.)
 

 Judge Levine: “Mr. Anderson, this answer states, among other things, that the county auditor has not received the sanction and approval of the chief justice. You are proposing to show that the report was filed with the chief justice?”
 

 Mr. Anderson (for the relator): “That is admitted now.”
 

 Judge Sullivan: “Do I understand you to admit that Judge Walther complied with the law by filing his report?”
 

 Mr. Parsons: “I understand he did and I admit he did file it for the months of August and September. ’ ’
 

 The main thing to be gleaned from this record is that the county officials, while they admit that relator had complied with the statute in filing his report, claim that they were justified in refusing to pay him his salary until the auditor had received the approval of the chief justice of the common pleas court; and it may also be gleaned that this approval depended upon the amount of work done and the number of days actually spent by the relator in its performance.
 

 The contention of the parties turns upon the validity of a certain clause found in Section 1558, General Code, as amended in 110 Ohio Laws, at page 52. That section provides for the designation of a chief justice by the common pleas judges, for his superintendence and distribution of business among the various judges, and for an annual report by the chief justice of the work performed by the various judges, the number of days and
 
 *172
 
 hours engaged thereupon, and such other data as the chief justice may require. The section also requires each common pleas judge to make a report to the chief justice of the duties performed by him, in such form as the chief justice prescribes. The section provides:
 

 “The county auditor shall not issue his warrant for payment of additional salary as provided in Section 2252 for any judge until said chief justice has certified to him that he has received and approved such reports.”
 

 Under Section 2251, General Code, the common pleas judges are each paid annually the sum of $3,000 out of the state treasury. Under Section 2252, General Code, they receive an annual compensation from the county, based upon population; and this additional salary is “paid quarterly from the treasury of said county upon the warrant of the county auditor.”
 

 If the contention of the county officials should be sustained, manifestly a common pleas judge would never receive his salary or compensation until the chief justice had certified to the auditor that he had approved the reports filed with him. Such an act, if persisted in, would eventually result in a denial of compensation and would contravene the spirit of Section 14, Article IV of the Ohio Constitution. That section provides:
 

 “The judges of the Supreme Court, and of the court of common pleas, shall, at stated times, receive, for their services, such compensation as may be provided by law, which shall not be diminished, or increased, during their term of office.”
 

 The compensation of these constitutional judges
 
 *173
 
 is attached to the office, not to its occupant. That compensation does not vary with the amount of service rendered by the judicial occupant, nor depend upon the time required in its performance. Furthermore, the requirement of the Constitution is that judicial compensation shall be received “at stated times,” for their services. Conforming to the constitutional mandate, the Legislature fixed the
 
 “stated times”
 
 by requiring that the additional compensation payable out of the county treasury should be paid “quarterly from the treasury of said county upon the warrant of the county auditor.” Section 2252, General Code. This was in compliance with the Constitution. If the act of the chief justice should be construed as either diminishing or denying the fixed salary of a judge, such an act would be prohibited by the constitutional section above quoted.
 

 The petition in this case was filed on October 1, 1925. The relator had taken office on the first of January following his election. His quarterly payments from the county treasury, therefore, were due, under the statute, on the 1st days of April, July, and October. It is admitted that for the months of August and September, 1925, the monthly sums of $416.66 were not paid, although they were due on October 1, 1925, the end of the third quarter.
 

 Let us assume that the chief justice should continue to disapprove or fail to approve the report of the relator and refuse to certify the same to the county auditor, can there be any question but that such act, if persisted in, would be a denial of compensation? The Constitution requires this
 
 *174
 
 compensation to be paid at “stated times,” not at occasional times, or at times dependent upon the approval of any other official. Lexicographers all agree upon the definition of “stated times.” The Century says: “Occurring at regular intervals,” or “given regularly.” The New English Dictionary defines it thus: “Fixed, regular in "operation or occurrence, not occasional or fluctuating.” If the contention of the respondents were upheld there would be no fixed or stated times wherein this relator would receive his additional salary.
 

 It is urged, however, that the chief justice should be made a party to this mandamus proceeding. Were the approval and certification of the chief justice legally necessary as a prerequisite to action by the county auditor, the chief justice would be a necessary party; but in view of the fact that his approval or disapproval was not necessary the respondents were not justified in refusing to issue and to pay the warrant.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Kinkade and Robinson, JJ., concur.